UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| LONNIE R. HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:09-cv-082-DFH-DML |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing State Defendants' Motion to Dismiss**

As used in this Entry, "the State defendants" refers to defendants James Dick and Tammy Troxell. For the reasons explained in this Entry, the State defendants' motion to dismiss (dkt 9) must be **granted.**

**Discussion**

This is an action by Lonnie Hall brought pursuant to 42 U.S.C. § 1983. Hall asserts that defendants Mary Mansfield, Dr. Solotkin, Dr. Dobryns, and Correctional Medical Services (the "medical defendants") provided inadequate care for injuries he suffered during an intramural basketball game. He further alleges that the State defendants should be held liable for hindering his attempts to pursue administrative remedies related to what Hall asserts to be inadequate medical care.

The State defendants seek dismissal of Hall's complaint based on their argument that, as to them, it fails to state a claim upon which relief can be granted. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

"A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). To avoid dismissal, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

The State defendants are not alleged to be medical providers or to have failed to diagnose or treat Hall as required by the Constitution. Hall does allege, however, that the State defendants mismanaged the administrative grievance process in a manner which impeded the delivery of adequate medical care. Hall mentions the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and various provisions of the Indiana Constitution.

It is clear that Hall asserts federal claims against the State defendants. Such claims are asserted pursuant to 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The constitutional provisions mentioned by Hall in his complaint have already been listed.

Hall's reference to and reliance on any guarantee of the Fifth Amendment is misplaced. While the Fifth Amendment contains a guarantee of due process, its provisions only affect actions by the federal government, not the state or local governments. *Jackson v. Byrne,* 738 F.2d 1443, 1445 (7th Cir. 1984).

Hall relies on the Eighth Amendment, and indeed "[i]t is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and by taking reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996). In the context presented here, "[p]rison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. A claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition." *Williams v. Liefer,* 491 F.3d 710, 714 (7th Cir. 2007)(some internal citations omitted). A corollary to the element of deliberate indifference of a claim such as asserted here is that the defendant can only be liable for the actions or omissions in which he personally participated. *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001). Medical staff at the prison where Hall was confined were responsible for ascertaining and meeting the medical needs of inmates, including Hall. The State defendants are not medical personnel and are not alleged to have prevented either the diagnosis or treatment of Hall's medical needs. Caselaw provides that the State defendants have no Eighth Amendment liability under these circumstances.

> If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

Case 1:09-cv-00082-DFH-DML Document 26 Filed 09/04/09 Page 3 of 4 PageID #: 163

*Spruill v. Gillis,* 372 F.3d 218, 236 (3d Cir. 2004); *see also Hayes v. Snyder,* 546 F.3d 516, 527 (7th Cir. 2008)("The policy supporting the presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care is a sound one."). The State defendants' motion to dismiss must therefore be granted as to any Eighth Amendment claim which Hall's complaint can be understood to assert against them.

Hall's complaint also includes a claim that the State defendants violated his Fourteenth Amendment right to due process by mismanaging grievances Hall submitted. These grievances, admittedly, are described by Hall as relating to the manner in which medical staff were responding to his requests for care. Requests for healthcare were submitted directly to medical staff, not to the State defendants and not through grievances. The complaint makes it clear that requests for healthcare were not grievances. This alleged conduct is untenable in the face of Circuit law which "specifically denounc[es] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008). Because Hall had no expectation of a particular outcome of his grievances, *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause"), there is no viable claim which can be vindicated through § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

Also as noted, Hall alleges that aspects of his treatment violated provisions of the Indiana Constitution. The nuances of these allegations are not dispositive here. Instead, it is evident that such allegations will not support relief under § 1983, because "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices." *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003). Additionally, even if this claim is understood as being brought under Indiana state law it fares no better. Apart from the special cases of compensation for property or "particular services" taken for public use, see Ind. Const. Art. 1, sec. 21, any claim for damages based on an alleged violation of the Indiana Constitution must proceed under the Indiana Tort Claims Act. See *Cantrell v. Morris*, 849 N.E.2d 488 (Ind. 2006). Hall has not attempted to proceed under that Act and has not alleged that he complied with its notice requirements.

## Conclusion

Based on the foregoing, the State defendants' motion to dismiss (dkt 9) is **granted.** Claims against the medical defendants remain. No partial final judgment shall issue at this time as to the resolution of the claims against the State defendants.

So ordered.

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: September 4, 2009

Distribution:

Akia Haynes
INDIANA OFFICE OF THE ATTORNEY GENERAL
akia.haynes@atg.in.gov

Jeremy Michael Padgett
TYRA LAW FIRM P.C.
jerry.padgett@tyralaw.net

Kevin C. Tyra
THE TYRA LAW FIRM, P.C.
kevin.tyra@tyralaw.net

LONNIE R. HALL
DOC #894407
CORRECTIONAL INDUSTRIAL FACILITY
P.O. BOX 601
PENDLETON, IN 46064