**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**


LONNIE R. HALL,                              )
                                             )
                           Plaintiff,        )
          vs.                                )          1:09-cv-082-DFH-DML
                                             )
CORRECTIONAL MEDICAL SERVICES, et al.,)
                                             )
                           Defendants.       )


**Order Granting Medical Defendants' Motion**
**to  Dismiss and Directing Further Proceedings**

As used in this Order, the term "medical defendants" refers to defendants Mary Mansfield, Dr. Solotkin, Dr. Dobryns, and Correctional Medical Services, and for the reasons explained in this Order, the medical defendants' motion to dismiss is granted as to the federal claims asserted by Plaintiff Lonnie Hall, no resolution is made of the pendent claims under Indiana law, and further proceedings are directed.

**I.**

Hall is a prisoner of the State of Indiana and alleges that the medical defendants violated rights secured to him by the Eighth Amendment of the United States Constitution and under Indiana law by failing to provide adequate care for injuries he suffered during an intramural basketball game. The federal claim is asserted pursuant to 42 U.S.C. § 1983. The medical defendants challenge the legal sufficiency of both the federal claim and the claims under Indiana state law. They argue that the complaint, as to them, fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556).

"[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and by taking reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996). In the context presented here, "[p]rison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. A claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition." *Williams v. Liefer,* 491 F.3d 710, 714 (7th Cir. 2007)(some internal citations omitted). A corollary to the element of deliberate indifference of a claim such as asserted here is that the defendant can only be liable for the actions or omissions in which he personally participated. *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001). To establish deliberate indifference to a serious need in violation of the Eighth Amendment, a plaintiff must show that he suffered from an objectively serious medical condition, and that a state official subjectively disregarded the risk to his health. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009); *Duckworth v. Ahmad,* 532 F.3d 675, 679 (7th Cir. 2008).

A suit under 42 U.S.C. § 1983 must be filed within the time allowed by state law for personal injury actions. Wilson v. Garcia, 471 U.S. 261 (1985). In Indiana, that period is two (2) years. *Forman v. Richmond Police Department,* 104 F.3d 950 (7th Cir. 1997) ("[T]he two-year Indiana statute of limitations for personal injuries (IND. CODE § 34-1-2-2) applies to § 1983 claims.") (citing *Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir. 1995)). The medical defendants argue that Hall's claim against them is barred by Indiana's 2-year statute of limitations, but this argument is unpersuasive. The nature of Hall's § 1983 claim is such that the delay in getting him medical care triggers the "doctrine of continuing violation." See *Heard v. Sheahan,* 253 F.3d 316, 319 (7th Cir. 2001).

The Eighth Amendment claim, however, is in fact deficient because there is an insufficient allegation of deliberate indifference on the part of any of the medical defendants. This is true as to defendant Correctional Medical Services because the only allegation of this defendant is that it was the employer of other medical defendants, and such an allegation is insufficient. *Rodriguez v. Plymouth Ambulance Service,* 2009 WL 2498580 (7th Cir. Aug. 18, 2009)("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). This is true as to the defendant physicians, Dr. Solotkin and Dr. Dobryns, because the point at which these defendants became aware of Hall's injury and pain was also the point at which Hall received diagnosis and treatment. This is the antithesis of deliberate indifference. The last of the medical defendants is Mary Mansfield, the medical administrator at the prison. According to the complaint, Mansfield failed to re-schedule Hall for an appointment after his first appointment following the injury had been cancelled. The circumstances of this failure offer nothing beyond a suggestion of negligence in the matter, and negligence alone will not satisfy the requirements of deliberate indifference. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Hall has not favored the court with a response to the medical defendants' motion to dismiss, so it is his complaint alone which must be assessed. His failure to respond has imperiled the case as to the medical defendants, see *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1043 (7th Cir.1999) ("[B]y failing to respond responsively to the motion to dismiss . . . [the Plaintiff] forfeited her right to continue litigating her claim ."). For the reasons explained above, therefore, Hall's complaint fails to state such a claim against the medical defendants insofar as the complaint invokes 42 U.S.C. § 1983, and to that extent the motion to dismiss is **granted.**

## II.

### A.

Despite the conclusion reached and the ruling made in Part I of this Order regarding the federal claim against the medical defendants, the action itself will not be dismissed at this time. *Benjamin v. United States*, 833 F.2d 669, 671 (7th Cir. 1987) (explaining that the dismissal of a complaint does not itself result in a dismissal of the action). Instead, Hall shall have through **September 22, 2009,** in which to **file an amended complaint** setting forth a viable Eighth Amendment claim against the medical defendants. If he files an amended complaint, the medical defendants shall have **through October 14, 2009,** in which to file an answer or other responsive pleading. If no amended complaint is filed, the court will enter judgment consistent with the ruling in Part I of this Order.

If an amended complaint is filed, the plaintiff should take care to note that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009).

### B.

The medical defendants' motion to dismiss also challenges the sufficiency of the pendent claims under Indiana State law. That portion of the medical defendants' motion to dismiss will remain pending for the present, because if all the federal claims in the case are resolved prior to trial, the court will then have to determine whether to exercise its supplemental jurisdiction over such claims or remand those remaining claims to the state court from which the case was removed. Normally, when "all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos., Inc.,* 29 F.3d 1244, 1251 (7th Cir. 1994).

**C.**

No partial final judgment shall issue at this time as to the claim resolved in this Order.

So ordered.

_David F. Hamilton_

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date:  September 4, 2009

Distribution:

Jeremy Michael Padgett
TYRA LAW FIRM P.C.
jerry.padgett@tyralaw.net

Kevin C. Tyra
THE TYRA LAW FIRM, P.C.
kevin.tyra@tyralaw.net

Lonnie R. Hall
DOC #894407
Correctional Industrial Facility
P.O. Box 601
Pendleton, IN 46064